```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION

STATE AUTO MUTUAL INSURANCE     }
COMPANY,                        }
                                }
     Plaintiff,                 }    CIVIL ACTION NO.
                                }    06-AR-0050-S
v.                              }
                                }
CROSS HEATING & COOLING, LLC,   }
                                }
     Defendant.                 }
```

**MEMORANDUM OPINION**

The court has before it the motion for summary judgment filed by plaintiff, State Auto Mutual Insurance Company ("State Auto"), seeking a declaration that it owes no obligation to defend or to indemnify its insured, Cross Heating & Cooling, LLC ("Cross Heating"), the defendant in this case. The pertinent facts are undisputed.

Cross Heating is a third-party defendant in two third-party actions filed by separate defendants in a multi-faceted case pending in the Circuit Court of Shelby County, Alabama. Both third-party complaints originally contained both tort and contract theories by which the third-party plaintiffs sought to lay off their potential liability to the plaintiff, in whole or in part, on Cross Heating. As required by the insurance policy issued by State Auto to Cross Heating, Cross Heating called upon State Auto to defend it and to indemnify it whereupon State Auto agreed to defend, but did so under a reservation of rights,

which, *inter alia*, purports to give State Auto the right to sue Cross Heating for a declaration that its policy provides no coverage and the right to withdraw from defending Cross Heating if State Auto determines, or a court decides, that there is no obligation to indemnify.

After the trial court in the underlying case granted summary judgment in favor of Cross Heating on the first filed third-party action, insofar as that third-party action relied on a tort theory, but before that court could rule upon the viability of the tort theory contained in the second filed third-party complaint, State Auto filed the instant declaratory judgment action in this court, invoking this court's jurisdiction under 28 U.S.C. § 1332 on the basis of diversity.

Cross Heating has not filed a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), F.R.Civ.P., but in response to State Auto's present motion, Cross Heating suggests that this court lacks jurisdiction.  The court is obligated to examine its subject-matter jurisdiction *sua sponte*, and upon doing so, finds that it has jurisdiction under 28 U.S.C. § 1332, because the parties have diverse citizenship and the third-party complaints depend upon the potential recovery in the main case.  The plaintiffs in the main case clearly seek more than $75,000, the requisite jurisdictional amount provided by § 1332.

Just because this court has jurisdiction over the coverage question does not mean that this court should exercise that jurisdiction and should enter a dispositive order under the circumstances of this case.  The court has no difficulty in agreeing with the Shelby County court that the first third-party claim against Cross Heating, insofar as based on tort, was due to be dismissed on its motion for summary judgment.  If that court and this court are correct in this, State Auto's insurance policy does not cover the contract theories pursued by the third-party plaintiff against Cross Heating.  But, this court is not the proper court to review the Shelby County court.  The Supreme Court of Alabama may or may not agree with us, if and when it is properly approached.  And, the Shelby County court has not yet knocked out the tort theory contained in the second third-party complaint against Cross Heating.  This court cannot predict the future.

The leading case on the issue that must be addressed in this posture of the case is *Ladner & Co. v. Southern Guaranty Ins. Co.*, 347 So.2d 100 (Ala. 1977), wherein the Supreme Court of Alabama held:

> It is well established that the insurer's duty to defend is more extensive than its duty to pay.

If this court were making or taking a bet on the subject of Cross Heating's tort liability to either third-party plaintiff, and thus on State Auto's liability to Cross Heating, this court would

bet on both Cross Heating and State Auto, but as long as the third-party actions remains unresolved, including their potential appellate review, State Auto's undertaking to provide a defense to Cross Heating should not be disturbed.  Nobody can predict with total accuracy the vagaries of unresolved litigation like that in Shelby County.  Accordingly, it would be unfair, and unduly prejudicial, for this court to allow the lawyer who has been furnished to Cross Heating by State Auto to withdraw from its defense after he has become familiar with the litigation and has succeeded in obtaining a favorable result on one of the issues that ostensibly relieves State Auto of the obligation to indemnify as to one of the third-party actions.

    An appropriate separate order will be entered.

    DONE this 29th day of June, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE